**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 27 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDITH GATHONI WAITHIRA, | No. 15-72622 |
| Petitioner, | Agency No. A089-299-703 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 23, 2017**

Before: McKEOWN, WATFORD, and FRIEDLAND, Circuit Judges.

Edith Gathoni Waithira, a native and citizen of Kenya, petitions for review

of the Board of Immigration Appeals' order dismissing her appeal from an

immigration judge's decision denying her application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We have

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on the omission from Waithira's declarations of the only direct threats from her alleged persecutors, and inconsistencies between her testimony and documentary evidence. *See id*. at 1048 (adverse credibility determination reasonable when "grounded in the record and based on real problems with [petitioner's] testimony, not mere trivialities."); *Zamanov v. Holder*, 649 F.3d 969, 973-74 (9th Cir. 2011) (material alterations in the applicant's account may provide substantial evidence to support an adverse credibility finding). Waithira's explanations do not compel a contrary result. *See Zamanov*, 649 F.3d at 974. We reject Waithira's contention that the agency erred in its consideration of her corroborative evidence. *See Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014) (petitioner's documentary evidence was insufficient to rehabilitate credibility or independently support claim). In the absence of credible testimony, in this case, Waithira's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Waithira's CAT claim also fails because it is based on the same testimony

the agency found not credible, and Waithira does not point to any evidence that compels the conclusion that it is more likely than not she would be tortured by or with the consent or acquiescence of the government if returned to Kenya. *See id*. at 1156-57.

**PETITION FOR REVIEW DENIED.**